The opinion of the Court was delivered by
Whitner, J.
The case made in the brief furnishes no sufficient evidence to charge the defendant as guarantor of the debt of another. The additional statement of counsel made and admitted, does not in the least vary the conclusion to be reached.
The memorandum in writing contains -no promise to pay, express or implied: a mere declaration that one who had obtained credit was good for the debt, cannot amount to a guaranty. It does not purport to be prospective, and in no way can it be tor’tured into a letter of credit. Such competent proof as was afforded of any transaction outside of the paper does not in any view help the case. In proving the merchant’s account, proof of any special contract appertaining thereto was not admissible by the books. Pritchard vs. McOwen, 1 N. & McC. 131, n.
Again, however well taken, the position of plaintiff's counsel, that the consideration of the promise to pay the debt of another need not be stated in the note or memorandum in writing required by the statute, as recognized in Fyler vs. Givens, 3 Hill, 48, still this case encounters the further objection that there is no competent proof of a sufficient consideration.
We concur therefore with the Presiding Judge, that the legal liability of defendant in this form of action was not established.
The motion to set aside the nonsuit is refused.
O’Nball, Wardlaw and Withers, JJ., concurred.

Motion refused.